UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JONATHAN TREPP, | ) | CASE NO. 4:08 CV 643 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| WARDEN GUNJA, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

On March 13, 2008, petitioner *pro se* Jonathan Trepp, an inmate at the Northeast Ohio Correctional Center (NEOCC), filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Petitioner seeks an order reducing his federal sentence by two days for each day served at NEOCC, on the ground that "the conditions at the NEOCC borderline on cruel and unusual punishment and this has caused him to serve a more onerous period of incarceration than that which was contemplated by the sentencing Court." Petitioner cites numerous cases in support of his request. See Petition, p.5.

As a threshold matter, habeas corpus is not the appropriate vehicle for challenging the conditions of one's confinement. *Abuhouran v. Morrison,* No. 02-3427, 49 Fed.Appx. 349 (6th Cir. Sept. 18, 2002); *Okoro v. Scibana*, No. 99-1322, 1999 WL 1252871 (6th Cir. Dec. 15, 1999). Further, the cases cited by

petitioner in support of his request for sentence modification all concern downward departures made by the trial court at sentencing. As such, they are wholly inapplicable here.

Accordingly, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: April 1, 2008                    *s/       James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE